UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY M. GRANGER and ELENA GRANGER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LOWE'S HOME CENTERS, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1-100 inclusive,<br><br>　　　　　Defendants. | No. 1:14-cv-01212-KJM-SKO<br><br>ORDER |

This matter is before the court on a motion by defendant Lowe's Home Centers, LLC to strike claims for punitive damages from plaintiffs Gary M. Granger and Elena Granger's First Amended Complaint (FAC). Defs.' Mot. to Strike (Mot.), ECF No. 6. Notice of Removal (Rem.) Ex. B, ECF No. 1. Defendant Samsung Electronics America, Inc. joined in the motion to strike. Notice of Joinder, ECF No. 9. The motion was submitted for decision without argument. As explained below, the court construes the defendants' motion to strike as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and grants the motion.

////

////

////

1

I.     BACKGROUND

    A.     Factual Allegations

          The Grangers allege the following facts in their First Amended Complaint: In March 2012, Gary and Elena Granger purchased a Samsung washing machine from the Lowe's store in Sonora, California. FAC ¶ 6. They also purchased an extended warranty for the washer and contracted for Lowe's to install the machine in their home. *Id.* In January 2013, the washing machine flooded the Grangers' home. *Id.* ¶ 7. The Grangers notified Lowe's, but Lowe's did not promptly respond. *Id.* When Lowe's did respond, it instructed the Grangers not to take any remedial actions and to contact Samsung for an assessment of the damages done. *Id.* The Grangers contacted Samsung, and Samsung repeated the instruction not to take any remedial actions. *Id.* ¶ 8. An investigator visited the Grangers' home on March 21, 2013. *Id.* ¶ 9. The Grangers requested and were promised a copy of the results of the investigator's report. *Id.* On the same day, Lowe's loaned the Grangers a washing machine and installed it in their home. *Id.* ¶ 10. Unfortunately, when the Grangers used the new machine for the first time, it flooded their home again. *Id.*

          In May 2013, Gary Granger underwent abdominal surgery for cancer. *Id.* ¶ 12. The Grangers did not know at the time that their home had become contaminated with "toxic mold" as a result of the flooding, *id.* ¶ 11, so Gary Granger returned home to recover, *id.* ¶ 12. The mold complicated his recovery and he soon returned to the hospital. *Id.* When Samsung and Lowe's gave the Grangers a copy of the investigator's report in August 2013, the Grangers learned of the mold problem, and their doctors advised them to move. *Id.* ¶¶ 12-13. Lowe's agreed in the same month to provide the Grangers with a "travel trailer" until the parties reached a resolution. *Id.* ¶ 14. Unfortunately that trailer was also contaminated with mold, and Gary Granger experienced further health problems. *Id.* ¶ 15. The Grangers received a second trailer in September 2013. *Id.* The Grangers continued to experience health problems and have suffered emotional distress. *Id.* ¶ 17. Their dog died from a mold-related illness. *Id.* ¶ 16.

////

////

B.  Procedural History

The Grangers filed a complaint in the Superior Court for Tuolomne County on June 19, 2014.  Rem. Ex. A.  In the complaint the Grangers alleged causes of action in negligence, strict liability, breach of express and implied warranties, and negligent infliction of emotional distress.  *Id.* ¶¶ 18-64.  Among other requested relief, including general damages, medical costs, and property damages, the Grangers sought punitive damages in connection with their claims for strict liability and negligent infliction of emotional distress.  *Id.* at 14-16.  On July 21, 2014, before the defendants were served with the complaint, the plaintiffs filed the First Amended Complaint, adding only the word "America" to Samsung's name.  *See* FAC Caption, ¶ 3; Opp'n at 1, ECF No. 19.

Lowe's and Samsung removed the case to federal court on August 1, 2014.  Rem. at 1.  On August 8, 2014, the defendants filed a motion to strike the following from the First Amended Complaint: paragraph 46; paragraph 61; paragraph 64; the prayer for punitive damages on line 23 of page 15; and the prayer for punitive damages on lines 10 to 11 of page 16.  Mot. at 1-3.  In its motion, Lowe's argues (1) the First Amended Complaint did not satisfy the requirements of § 3294(b) of the California Civil Code for asserting a claim for punitive damages against a corporate defendant; and (2) the First Amended Complaint did not contain sufficient factual allegations to support a claim for punitive damages.  Mot. 5, 14-15.  Samsung joined in the motion on August 13, 2014.  ECF No. 9.

On August 26, 2014, the Grangers filed a Second Amended Complaint (SAC).  ECF. No. 11.  The Second Amended Complaint includes relatively few modifications.  It omits the prayer for punitive damages from the cause of action for strict liability.  *Compare* FAC 15:13-23 *with* SAC 16:14-23.  It includes a more detailed explanation of the events leading up to the original complaint, particularly of the Grangers' interactions with Lowe's and Samsung in 2013.  *Compare* FAC ¶¶ 6-11 *with* SAC ¶¶ 6-14.  The Second Amended Complaint also refers to Lowe's and Samsung's "managing agents and/or managing members" at several points where the First Amended Complaint had referred only to Lowe's and Samsung in general.  *Compare, e.g.*, FAC ¶¶ 7-11 *with, e.g.*, SAC ¶¶ 8-14.

3

On September 9, 2014, Lowe's filed an Objection to the Second Amended Complaint, alleging the Second Amended Complaint was improperly filed and had not cured the defects Lowe's had described in its August 8 Motion.  Defs.' Objection (Obj.) 2-6, ECF No. 18.  Samsung joined in this objection on September 9, 2014.  ECF No. 20.

The Grangers filed an opposition to the defendants' motion to strike on September 10, 2014. Pls.' Opp'n (Opp'n), ECF No. 19.  In their opposition, the Grangers affirm their belief that their Second Amended Complaint was properly filed.  Opp'n 5-6.  In the alternative they request the court grant them leave to amend the First Amended Complaint and consider the Second Amended Complaint the operative pleading.  Opp'n 6.  In addition, the Grangers agreed with the defendants that the prayer for punitive damages arising from their claim for strict liability should be stricken from the First Amended Complaint.  Opp'n 3.  As to their compliance with section § 3294(b) of the California Civil Code and the sufficiency of their factual allegations, however, the Grangers disagreed and opposed the motion to strike.  Opp'n 3-5.

II.     MOTIONS TO STRIKE UNDER RULE 12(f)

Federal Rule of Civil Procedure 12(f) provides in pertinent part that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 & 711 (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

A 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123-LKK, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527-28).  However, "[m]otions to strike are disfavored and infrequently

4

1   granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citations
2   omitted). Indeed, a motion to strike "'should not be granted unless it is clear that the matter to be
3   stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (quoting
4   *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)); *see also Wynes*
5   *v. Kaiser Permanente Hospitals*, No. 2:10–cv–00702–MCE, 2011 WL 1302916, at *12 (E.D. Cal.
6   Mar. 31, 2011) (noting "courts often require a showing of prejudice by the moving party").

7   In ruling on a motion to strike, a "court[] may not resolve disputed and substantial
8   factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.
9   2010) (internal quotation marks omitted). Finally, "leave to amend should be freely given" unless
10  there is a showing of prejudice to the moving party. *See Wyshak v. City Nat'l Bank*, 607 F.2d
11  824, 826-27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

12  Here, the defendants argue the Grangers have not sufficiently alleged fraud,
13  oppression, or malice and that the defendants' directors, officers, or agents lacked the state of
14  mind required under California law. The defendants' "resort to Rule 12(f) is misplaced" because
15  "'[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is
16  through Rule 12(b)(6) not Rule 12(f).'" *Kelley v. Corrections Corp. of Am.*, 750 F. Supp. 2d
17  1132, 1146 (E.D. Cal. 2010) (quoting *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d
18  1002, 1020 (N.D. Cal. 2009)). If a motion is in substance based on Rule 12(b)(6), but is
19  incorrectly labeled as a Rule 12(f) motion, the court may convert it to the proper designation and
20  consider the motion as though it were brought under Rule 12(b)(6). *Id.* This court will consider
21  the defendants' motion as though they had correctly denominated it as a motion to dismiss for
22  failure to state a claim upon which relief can be granted.

23  III.   FEDERAL PLEADING STANDARDS APPLY TO THE DEFENDANT'S MOTION
24  This is an action in diversity. "Federal district courts sitting in diversity apply the
25  substantive law of the forum state, but apply procedural rules as stated in the Federal Rules of
26  Civil Procedure." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1183-84 (E.D. Cal. 2005)
27  (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).
28  ////

Although § 3294(a) of the Civil Code allows a tort claimant to seek punitive damages, and is a provision of substantive California law, *Neveu*, 392 F. Supp. 2d at 1184, Civil Code § 3294(b), on the other hand, is a pleading requirement, and is therefore a matter of California procedural law, *Taheny*, 2011 WL 1466944, at *3 (E.D. Cal. Apr. 18, 2011) (citing *Scannell v. County of Riverside*, 152 Cal. App. 3d 596, 614 (1984)). The Federal Rules of Civil Procedure and federal procedural law govern pleading standards for tort claims in this court. *See Kelley*, 750 F. Supp. 2d at 1147 ("[T]he application of the pleading standards set forth in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court.").

IV.     THE OPERATIVE PLEADING

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course," but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." After removal, this court "takes the case as it finds it" and "treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). In other words, when a defendant removes an action from state to federal court, the federal court treats the case as if it had been commenced in federal court. *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002).

Here the Grangers filed their original complaint in state court and amended it once before removal. *See* Rem. Ex. B. After the case was removed to federal district court, the Grangers filed the Second Amended Complaint. But "[b]ecause [the plaintiffs] filed [their] First Amended Complaint in state court prior to removal to this court, [they] already amended [their] pleading once as a matter of course. Thus, [they] could not properly file the [Second Amended Complaint] without first obtaining leave of court." *Manzano v. Metlife Bank N.A.*, 2:11-CV-0651 WBS DAD, 2011 WL 2080249, at *3 (E.D. Cal. May 25, 2011). Because the Grangers did not

6

seek leave and did not obtain the defendants' written consent, the Second Amended Complaint was filed in technical violation of Rule 15(a).

Despite an improper filing, the court may, in the interest of judicial economy, decline to strike a complaint. *See id.* (collecting cases). A court often makes the decision not to strike when it would have granted leave to amend had leave been sought and it does not appear amendment would cause prejudice to the opposing party. *Id.* (quoting 6 Charles A. Wright et al., *Federal Practice & Procedure* § 1484 (3d ed. 2010) ("Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities.")). The Grangers' Second Amended Complaint does not add any claims or parties, so jurisdiction is not in question. Neither does the Second Amended Complaint make many substantive changes. As described above, it omits a claim for punitive damages from the cause of action for strict liability, s*ee* SAC 15; it includes a more detailed explanation of the claims' factual background, s*ee id* ¶¶ 6-14; and it refers to Lowe's and Samsung's "managing agents and/or managing members" at several points where the First Amended Complaint had only referred to Lowe's and Samsung in general, s*ee, e.g.*, *id.* ¶¶ 8-14. Prejudice against Lowe's and Samsung is also unlikely, because Lowe's has filed and Samsung joined an objection to the Second Amended Complaint, in which they address differences between the two complaints and argue the Second Amended Complaint did not cure the defects alleged in their motion to strike. Obj. 2-6.

In the interest of judicial economy, rather than striking the Second Amended Complaint for violation of Rule 15(a), this court will consider the Second Amended Complaint as the operative pleading, as if leave to amend had been granted.

V. THE COMPLAINT DOES NOT STATE A CLAIM FOR PUNITIVE DAMAGES

Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

Here, California law provides, "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294(a). As used in § 3294(a), "malice" means "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id.* § 3294(c)(1). "Oppression" is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.* § 3294(c)(2). "Fraud" is "an intentional misrepresentation, deceit, or

8

concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* § 3294(c)(3).

In light of defendants' motion, this court must determine whether the Second Amended Complaint sufficiently alleges "oppression, fraud, or malice." The case of *Kelley v. Corrections Corporation of America, supra,* is instructive on this point. In *Kelley*, the plaintiff's complaint was removed from state court to federal district court on the jurisdictional basis of the parties' diversity of citizenship. 750 F. Supp. 2d at 1135. The plaintiff alleged claims under California's Fair Employment and Housing Act. *Id.* The defendant moved to strike the plaintiff's claims for punitive damages under Rule 12(f), and as here, the court construed that motion as one brought under Rule 12(b)(6). *Id.* at 1146. The complaint included the following allegations:

> [Plaintiff] is informed and believes that [Defendant's] acts were carried out by its managerial employees, officers and directors, and were directed or ratified by [Defendant] with a conscious disregard of [Plaintiff's] rights and with the intent to vex, injure and annoy [Plaintiff] such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling [Plaintiff] to punitive damages in a sum appropriate to punish and set an example of [Defendant.]

*Id.* at 1145 (alternations in original).

The *Kelley* court termed these allegations "conclusory" and found the complaint otherwise supported "nothing more than the basic elements" of the statutory causes alleged. *Id.* at 1147-48. It dismissed the plaintiff's claims for punitive damages. *Id.* at 1148. The allegations in *Kelley* are comparable to those in the Second Amended Complaint here:

> Plaintiffs are informed and believe and thereon allege, that Defendants' . . . managing agents['] and/or managing members['] conduct was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress, and was done with a wanton and reckless disregard of the consequences to Plaintiffs.
>
> . . .

9

> Plaintiffs are informed and believe and thereon allege, that the acts of Defendants alleged above were willful, wanton, malicious and oppressive, and justify the award of punitive damages according to proof.

SAC ¶¶ 63, 66.

The Second Amended Complaint contains no more detailed factual allegations of Lowe's and Samsung's "oppression, fraud, or malice." Its allegations may at most imply negligence, carelessness, and surprising ineptitude, but not oppression, fraud, and malice. *See, e.g.*, SAC ¶¶ 5-20. The Second Amended Complaint does not allege facts to suggest Lowe's or Samsung intended to cause the Grangers harm, that they were aware the washing machines would flood, that they consciously disregarded the Grangers' rights, or that they otherwise intentionally concealed any facts.

VI.   CONCLUSION

For the foregoing reasons, the court:

(1) Construes the defendant's motion to strike under Federal Rules of Civil Procedure 12(f) as a motion to dismiss under Rule 12(b)(6);

(2) Declines to strike the plaintiffs' improperly filed Second Amended Complaint in the interest of judicial economy; and

(3) GRANTS the defendants' converted motion to dismiss the claim for punitive damages with prejudice.

IT IS SO ORDERED.

DATED:  October 3, 2014.

_____
UNITED STATES DISTRICT JUDGE